## CAMMARATA v. PENNSYLVANIA COAL CO.

(Supreme Court, Appellate Term.   February 23, 1904.)

1. WAIVER—RATIFICATION.

In an action on a contract in which plaintiff claimed that a release of all liability which he had executed on receiving a payment under the contract was executed under duress, failure to return or offer to return the money received when the release was executed was a waiver of duress and ratification of the release.

2. RELEASE.

A writing acknowledging the receipt by an employé of a certain sum in full for all claims for wages, and releasing the employer from all contracts previously entered into, was not a mere receipt, but a release relieving the employer from liability on a previous contract to employ the releasor a certain length of time.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Guiseppe Cammarata against Pennsylvania Coal Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Stetson, Jennings & Russell (Allen Wardwell of counsel), for appellant.

Henry M. Heymann, for respondent.

GIEGERICH, J.   The action is to recover a balance of $38.30, claimed to be due under the following contract:

"We, the undersigned, do hereby agree that if we decide to terminate with the services of Cammarata Guis, except for cause of failure on his part prior to thirty working days from the date hereof we will pay him the sum of sixty dollars.

"Dated, October 15, 1902.
   "[Signed]                    Pennsylvania Coal Company;
                                  "Per H. C. Damon."

The pleadings were oral, and the answer was a general denial, release, payment, and counterclaim. It appeared in evidence that on or about October 14, 1902, the plaintiff, together with a number of other Italians, was taken to the defendant's mines in Pittston, Pa., at which a strike was then in progress; that, after working there 11 days, the strike came to an end, and the plaintiff and other Italians were told to quit work. When the plaintiff was discharged, he had been paid $4, and then received from the defendant's agent the sum

of $17.70, for which, he testified, he was compelled, under duress, to make his mark to the following paper writing:

"Pittston, Pa. October 25, 1902.

"Received from Pa. Coal Co. Seventeen $70/100$ Dollars in full for all claims for wages against aforesaid coal Co., and I hereby release aforesaid company from all contracts whatsoever entered into by me with aforesaid Co. prior to this day and date."

The plaintiff's evidence further tended to show that when this paper writing was so given he demanded of the defendant's agent the balance of the sum mentioned in the contract, but payment thereof was refused. On the other hand, according to the testimony of the defendant's witnesses, no violence was offered to or used towards the plaintiff when he made his mark to such paper writing, and that he willingly accepted the said sum of $17.70 paid to him as aforesaid in full settlement of his claim against the company, and that he acted freely and without restraint, when he signed the paper in suit with a cross. It further appeared in evidence that the plaintiff had never returned or offered to return the money he so received from the defendant, and when he rested the latter's counsel moved to dismiss the complaint upon that ground, among others, which motion was denied, and the defendant excepted. The motion was renewed at the close of the entire case, but the justice reserved his decision, and subsequently gave judgment in favor of the plaintiff for the full amount claimed.

It was the duty of the plaintiff to return or offer to return the money received by him from the defendant, for by keeping the same he will be deemed to have elected to waive the duress and ratify the release. 10 Am. & Eng. Ency. Law (2d Ed.) 337. The plaintiff contends that the paper writing was not a release, but a mere receipt. An inspection of the same, however, discloses that it is not only a receipt, but that it extinguishes a pre-existing debt, and the preponderance of evidence is that he signed it with knowledge of its character. It results from these views that the court below erred in not dismissing the complaint, and hence the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.